# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WASTE CORPORATION OF ARKANSAS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-17-14-M |
| WASTESOLUTIONS LLC and NORRIS GRAVES, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion to Dismiss, filed March 7, 2017. On March 28, 2017, plaintiff filed its response, and on April 3, 2017, defendants filed their reply.

I.  Introduction[1]

In June 2016, defendant WasteSolutions LLC ("WasteSolutions") entered into a contract with the United States government, by which WasteSolutions agreed to perform or cause to be performed certain waste and recycling services at Little Rock Air Force Base, located in Arkansas.[2] The contract was awarded to WasteSolutions pursuant to Section 8(a) of the Small Business Act. Upon being awarded the contract, WasteSolutions, through defendant Norris Graves ("Graves"), sought out plaintiff to inquire whether it would be willing to continue to provide the same subcontracting services to WasteSolutions that it provided to Street Legal, but for a limited term of only a few months. WasteSolutions declined to enter into such a short term agreement but offered to perform the same subcontracting services if WasteSolutions agreed to a three-year term

---

[1] The facts set forth in this Introduction are based upon the facts alleged in plaintiff's Complaint.
[2] Prior to WasteSolutions being awarded the contract, a company called Street Legal Industries, Inc. ("Street Legal") provided the same services. Plaintiff previously served as subcontractor to Street Legal in connection with these services.

and identical payment provisions.  WasteSolutions, through Graves, accepted plaintiff's offer on September 30, 2016.

WasteSolutions immediately began performance, but by mid-October, WasteSolutions informed plaintiff that it was repudiating and intended to terminate their contract, based on WasteSolutions' belief that plaintiff's performance under the contract would cause WasteSolutions to fall out of compliance with applicable rules and regulations governing its contract with the United States government.  On or by November 15, 2016, WasteSolutions began placing its own waste collection bins at the Little Rock Air Force Base and instructed plaintiff to cease performance under the contract.  WasteSolutions paid plaintiff for its services rendered under the contract.

On January 5, 2017, plaintiff filed the instant action against defendants, alleging causes of action for breach of contract, fraud, and quantum meruit/unjust enrichment.  Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the causes of action alleged against them in the Complaint for failure to state a claim upon which relief may be granted.

II.Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

    A.   Breach of contract

In Count I of its Complaint, plaintiff alleges that defendants breached their contract with plaintiff by depriving or attempting to deprive plaintiff of the opportunity to continue to perform under the contract for the remaining term thereof and/or by terminating or attempting to terminate the contract prior to the expiration of its term. Defendants assert that the Complaint fails to state a claim for breach of contract. Specifically, defendants contend: (1) the contract does not obligate WasteSolutions to pay plaintiff for collection and disposal of the federal government's waste at the Little Rock Air Force Base; (2) the contract does not even call for any services to be provided at the Little Rock Air Force Base; (3) plaintiff is nowhere identified in the contract; (4) based upon the handwritten language "Government language to be added," section 2 of the contract should be

disregarded; (5) the contract is insufficiently definite to be enforced; (6) there was no foreseeability requirement to the force majeure clause in the contract; and (7) given plaintiff's refusal to agree to terms that ensured compliance with federal law, Okla. Stat. tit. 15, § 104 excuses WasteSolutions' performance and/or voids the contract *ab initio*.[3]

Under Oklahoma law, the elements of a breach of contract cause of action are: (1) the formation of a contract; (2) breach of that contract; and (3) damages as a direct result of the breach. *See Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to state a breach of contract claim. Specifically, the Court finds that plaintiff has alleged sufficient facts showing the existence of a contract, a breach of that contract, and damages to plaintiff as a direct result of the breach. Accordingly, the Court finds that plaintiff's breach of contract cause of action should not be dismissed.

B.   Fraud

In Count II of its Complaint, plaintiff alleges a claim for fraud. Defendants assert that plaintiff's Complaint fails to state a claim for fraud. Specifically, defendants contend that plaintiff has not sufficiently alleged that defendants entered into the contract without any intent to perform the contract, particularly in light of defendants' performance of the contract. Plaintiff asserts that in its Complaint, it expressly alleges that defendants made their misrepresentation regarding their intent for plaintiff to provide services for a three-year period without the present intent to perform.

---

[3] The Court would note that a number of defendants' bases for dismissal are more appropriately addressed through a motion for summary judgment or at trial. At the motion to dismiss stage of the proceedings, this Court must determine whether plaintiff's Complaint contains sufficient factual matter, accepted as true, to state a breach of contract claim that is plausible on its face.

Under Oklahoma law, the elements of fraud are: "1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his (or her) own detriment." *See Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009). Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to state a plausible claim for fraud. Specifically, the Court finds that plaintiff has alleged sufficient facts showing that defendants represented to plaintiff that they intended to retain plaintiff for a three-year period, that defendants knew at the time they made such representation that they did not intend to perform for the three-year term, that defendants intended for plaintiff to rely on their misrepresentation by performing services at the Little Rock Air Force Base, and that plaintiff relied on the misrepresentation and was damaged thereby. *See* Complaint at ¶¶ 28-33. Accordingly, the Court finds that plaintiff's fraud cause of action should not be dismissed.

      C.     Quantum meruit/unjust enrichment

In Count III of its Complaint, plaintiff alleges a claim for quantum meruit/unjust enrichment. Specifically, plaintiff alleges as follows:

> 36. WCA provided services at the Base for Waste Solutions' benefit.
> 37. WCA reasonably expected to be paid for those services.
> 38. Waste Solutions benefitted from those services.
> 39. Under the circumstances, it would be unjust for Waste Solutions to retain the benefit of those services without payment.

Complaint at ¶¶ 36-39. However, in its Complaint, plaintiff also alleges that "Waste Solutions paid WCA for its services rendered without question." Complaint at ¶ 20. In light of plaintiff's

5

allegation that it was paid for its services, the Court finds that plaintiff has not sufficiently alleged a claim for quantum meruit/unjust enrichment that is plausible on its face. Accordingly, the Court finds that plaintiff's quantum meruit/unjust enrichment cause of action should be dismissed.

IV.    <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Dismiss [docket no. 12] as follows:

(A)    The Court GRANTS the motion to dismiss as to plaintiff's quantum meruit/unjust enrichment cause of action, and

(B)    The Court DENIES the motion to dismiss as to plaintiff's breach of contract and fraud causes of action.

**IT IS SO ORDERED this 10th day of May, 2017.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE